**HUMPHREY & RIST, LLP**
Christina A. Humphrey, Esq. (SBN 226326)
Thomas A. Rist, Esq. (SBN 238090)
1216 State Street, 4th Floor
Santa Barbara, CA  93101
Telephone: 805-618-2924
Facsimile:  805-618-2939
Email: christina@humphreyrist.com
Email: tom@humphreyrist.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO PACK, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br> v.<br><br>ROADRUNNER TRANSPORTATION SERVICES, INC.., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>            Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR:**<br>1. **DECLARATORY RELIEF;**<br>2. **VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**<br>3. **REIMBURSEMENT OF BUSINESS EXPENSES;**<br>4. **FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED;**<br>5. **SECRET LOWER WAGE;**<br>6. **ILLEGAL DEDUCTIONS;**<br>7. **FAILURE TO PAY SEPARATELY;**<br>8. **FAILURE TO PROVIDE AND RECORD MEAL PERIODS;**<br>9. **FAILURE TO PROVIDE AND PAY REST PERIODS;**<br>10. **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;**<br>11. **FAILURE TO TIMELY PAY WAGES UPON SEPARATION OF EMPLOYMENT;**<br>12. **UNFAIR BUSINESS PRACTICES**<br>13. **RACE DISCRIMINATION – FEHA**<br>14. **ADVERSE EMPLOYMENT ACTION IN VIOLATION OF PUBLIC POLICY**<br>15. **RACE DISCRIMINATION - §1981**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff LONZO PACK ("Plaintiff"), alleges against Defendants ROADRUNNER TRANSPORTATION SERVICES, INC., and DOES 1 to 10, inclusive (collectively, "Defendants") the following particulars:

## NATURE OF THE CASE

1. This case is brought by Plaintiff against Defendants for misclassifying Plaintiff employee truck driver as independent contractor and denying him the rights and protections to which he is entitled to under California law. This Complaint asserts claims against Defendants for violations of the California Labor Code ("Labor Code"), Industrial Welfare Commission ("IWC") Wage Order No. 9, the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*), Fair Labor Standards Act ("FLSA") and other equitable principles.

2. Defendants are major providers of truckload transportation and logistics services. Defendants' business model relies upon both truck drivers that Defendants classify as "employees," and truck drivers that Defendants classify as "independent contractors" or "owner operators." Plaintiff was treated as an independent contractor/owner operator.

3. Plaintiff was generally responsible for driving trucks and delivering freight from one point to another. He was assigned to a terminal in Mira Loma, California.  His work tasks includes, among others, driving; inspecting, fueling and maintaining vehicles; hooking up and unhooking trailers; unloading freight; verifying loads; planning trips; completing daily logs, shipping documents and other paperwork; and waiting for customers and dispatch.

4. Plaintiff, as  Defendants' independent contractor/owner operator, did not possess a business license.

5. By Defendants' policies, customs, and practices, Defendants exercised extraordinary levels of control over the manners and means by which Plaintiff performed his duties. Such controls include but are not limited to setting Plaintiff's schedules, prohibiting Plaintiff from driving for other trucking companies, requiring Plaintiff to pick up, transport and deliver freight based on times, locations and for amounts determined by Defendants, and subjecting Plaintiff to discipline for failing to follow Defendants' policies and procedures.

6.    By retaining and exercising such control over Plaintiff, Plaintiff was, in fact, an employee under California and federal law. By misclassifying Plaintiff as an independent contractor, Defendants have sought to avoid various duties and obligations owed to employees under California's Labor Code and Industrial Welfare Commission for the Transportation Industry wage orders ("IWC Wage Order"), and the FLSA, including, among others: the duty to pay California minimum wage for all hours worked (Cal. Labor Code §§ 1182.12, 1194, 1194.2, 1197; IWC Wage Order No. 9, § 4; 29 U.S.C. §§201-219) the duty to pay for all hours worked in accordance with the designated wage scale (Cal. Labor Code §§ 221, 223, 226.2; 29 U.S.C. §§201- 219); the duty to provide  and record off-duty meal periods (Labor Code §§ 226.7, 512, 516, 1174; IWC Wage Order No. 9, § 11); the duty to provide and pay for rest periods (Labor Code §§ 226.7, 512, 516; IWC Wage Order No. 9, § 12); the duty to timely furnish accurate, itemized wage statements (Labor Code § 226); the duty to pay wages due on termination (Labor Code §§ 201-203); and other legal obligations.

7.    Moreover, by misclassifying Plaintiff as an independent contractor Defendants have forced Plaintiff to bear many of the costs of running Defendants' business in violation of Labor Code section 2802, IWC Wage Order No. 9, sections 8-9 and the UCL, and 29 C.F.R. §§531.35 and 531.36.

8.    As a result of misclassifying Plaintiff as an independent contractor, and constructing of pay packages that did not compensate Plaintiff for all work performed, Defendants have regularly failed to compensate Plaintiff for all hours worked in violation of Labor Code §226.2. Defendants paid Plaintiff per the mile. However, Defendants did not compensate Plaintiff for non-driving duties such as time spent, among others, inspecting, fueling and maintaining vehicles; hooking up and unhooking trailers; verifying loads; unloading freight; planning trips; completing daily logs, shipping documents and other paperwork; remaining with the truck in the sleeper berth; and waiting for customers and dispatch ("Common Unpaid Tasks").

9.    Defendants' failure to pay minimum wages to Plaintiff for all hours worked violated Labor Code sections 1182.12, 1194 and 1197; IWC Wage Order, number 9, section

4; the UCL, and 29 U.S.C. §§201-219. Likewise, the failure to pay Plaintiff for each and every hour worked at designated rates violated Labor Code sections 221, 223, and 226.2; IWC Wage Order, number 9, the UCL, and 29 U.S.C. §§201-219.

10. As a result of misclassifying Plaintiff as an independent contractor and constructing of pay packages that did not compensate Plaintiff for all work performed, Defendants have regularly:

      a. Failed to provide Plaintiff with a first meal period of not less than thirty (30) minutes during which he was relieved of all duty before working more than five (5) hours;

      b. Failed to provide Plaintiff with a second meal period of not less than thirty (30) minutes during which he was relieved of all duty before working more than ten (10) hours per day;

      c. Failed to pay Plaintiff one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

      d. Failed to record and maintain records of meal periods.

11. As a result of misclassifying Plaintiff as an independent contractor and constructing of pay packages that did not compensate Plaintiff for all work performed, Defendants have regularly:

      a. Failed to provide paid rest periods of ten (10) minutes during which Plaintiff was relieved of all duty for each four (4) hours of work; and

      b. Failed to pay Plaintiff one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

12. The failure to permit and provide meal periods and rest periods as described herein violates Labor Code sections 226.7, 512, 516, and 1174; IWC Wage Order , number 9, sections 11 and 12; and the UCL.

13. As a result of misclassifying Plaintiff as an independent contractor and constructing pay packages that did not compensate Plaintiff for all work performed, Defendants have also: (a) failed to record the actual hours worked by Plaintiff; (b) failed to

itemize the total hours worked on wage statements furnished to Plaintiff; and (c) failed to properly maintain payroll records showing the actual hours worked and meal periods taken and missed each day by Plaintiff, all in violation of the Labor Code section 226, 1174; IWC Wage Order, number 9, section 7; and the UCL.

14.    The failure to provide accurate hourly wage statements further warrants statutory penalties under Labor Code section 226(e).

15.    As a result of misclassifying Plaintiff as an independent contractor and constructing of pay packages that did not compensate Plaintiff for all work performed, Defendants regularly failed to indemnify Plaintiff for all necessary expenditures and losses incurred by Plaintiff in direct consequence of the discharge of his duties and in obedience to the direction of Defendants in violation of Labor Code section 2802 and 29 C.F.R. §§531.35 and 531.36(b). Further, Defendants unlawfully took deductions from Plaintiff's compensation to cover certain ordinary business expenses of Defendants.

16.    The failure to indemnify Plaintiff from such losses and expenditures violates Labor Code section 2802 and 29 C.F.R. §§531.35 and 531.36(b); IWC Wage Order, number 9, section 8, and the UCL and entitles Plaintiff to reimbursement of necessary expenditures, plus interest, reasonable costs and attorneys' fees and costs.

17.    As a result of misclassifying Plaintiff as an independent contractor and constructing of pay packages that did not compensate Plaintiff for all work performed, Defendants have regularly failed to pay all compensation due and owing to Plaintiff, as required by Labor Code sections 201 and 202.  As a result, Defendants are liable for accrued wages due upon termination, and waiting time penalties owed in accordance with Labor Code section 203.

18.    Plaintiff seeks declaratory relief, damages and penalties for violations of the Labor Code and applicable IWC Wage Orders, and restitution of all sums wrongfully obtained by Defendants in violation of the UCL.

//

//

-5-

COMPLAINT

**PARTIES**

**A. Plaintiff Lonzo Pack**

19.    Plaintiff Lonzo Pack is now and/or at all times mentioned herein was an individual over the age of eighteen (18) and a resident of Riverside, California.

20.    During the relevant time period, Lonzo Pack regularly worked for Defendants as a California-based Owner Operator in Mira Loma, which is located in Riverside County. Mr. Pack was employed by Roadrunner Transportation Services, Inc. from August 2014 to August 2016.  In or around 2016, Mr. Pack's contract was terminated. At all relevant times, Mr. Pack was improperly classified as an independent contractor by Defendants.

**B. Defendant Roadrunner Transportation Services, Inc.**

21.    Defendant Roadrunner Transportation Services, Inc., is a Delaware Corporation conducting business in California.  Defendant Roadrunner Transportation Services, Inc., maintains multiple terminals in the State of California. Plaintiff is further informed and believes that at all times relevant hereto, Defendant Roadrunner Transportation Services, Inc. has transacted, and continues to transact, business throughout the State of California, and maintains a facility in Mira Loma, Riverside County.

**C. Defendants Does 1 To 10, Inclusive**

22.    DOES 1 to 10, inclusive, are now, and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the State of California. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of DOES 1 to 10, inclusive, and for that reason, DOES 1 to 10 are sued under such fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

23.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

24.    Plaintiff is further informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants, and each of them, were and are the agents, servants,

employees, joint venturers, alter egos and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

25.    Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, and all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

26.    Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of Plaintiff and the putative class.

27.    Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

## JURISDICTION AND VENUE

28.    This Court has subject matter jurisdiction pursuant to 28 U.S. Code §1331 because part of the claims arise under the laws of the United States.  This Court further has supplemental jurisdiction pursuant to 28 U.S. Code §1367 of Plaintiffs' state law claims.

29.    Venue is proper in this Court because Defendant regularly conducts business in Riverside County and because the conduct alleged herein which gives rise to the claims asserted occurred within Riverside County. Specifically, Plaintiff worked for Defendant in Mira Loma, located in

Riverside County, and the wages herein claimed were earned by him in Riverside County.

## FACTUAL ALLEGATIONS

### A. Background

30.    Defendants provide transportation services throughout California. Defendants' Defendant designated Plaintiff as an independent contractor.

31.    Plaintiff for Defendants was generally responsible for driving trucks and delivering freight from one point to another. His work tasks included, among others, driving, inspecting, fueling and maintaining vehicles; hooking up and unhooking trailers; verifying loads; unloading freight; completing daily logs, shipping documents and other paperwork; and waiting for customers and dispatch.

32.    Plaintiff worked as Driver for Defendants and was misclassified by Defendants as an independent contractor.

33.    Plaintiff was (a) piece-rate per load and/or mile basis; (b) not compensated for all hours worked; (c) not properly compensated or given "duty free" meal and rest breaks; (d) not reimbursed for all business expenses; (e) not timely provided all wages due upon termination of employment; and (f) not provided accurate wage statements.

### B. Defendants' Misclassification of Plaintiff

34.    Defendants retain and exercise significant control over the details of Plaintiff's work. As such, under California and federal law, Plaintiff was Defendants' employee, not independent contractor.

35.    One of "[t]he principal test[s] of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." *See S. G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341 (1989).

36.    Defendants possess and exercise their right to terminate Plaintiff without cause upon ten days' notice and immediately upon cause, which is broadly defined.

37.    Plaintiff was not engaged in a distinct occupation or business apart from driving for Defendants. Plaintiff did not possess his own business license. Further, Defendants

prohibited Plaintiff from running loads for other companies and required that Plaintiff affix and display Defendants' logo on his truck. In this way, Plaintiff was totally dependent on Defendants for his livelihood. In addition, Defendants issued paychecks to Plaintiff, as an individual, not as a business entity.

38.     Plaintiff is not a specialist. Plaintiff was not required to possess any special skills other than a commercial driver's license ("CDL") to work for Defendants. Defendants set Plaintiff's schedule and assigned Plaintiff's routes. Defendants route the number and order of all delivery stops and schedules the times for each pick up and delivery.  If a Plaintiff was running late and was unable to arrive at the next appointment at the scheduled time, Plaintiff was required to call Defendants. When Plaintiff did not follow Defendants' policies and procedures, he was subject to discipline. Plaintiff was further subject to discipline and/or retaliated against for refusing to accept loads assigned to Plaintiff by Defendants' dispatchers.

39.     Defendants furnished Plaintiff with GPS equipment which Defendants used to track Plaintiff's location. Defendants required Plaintiff to pay many of Defendants' business costs and expenses including, but not limited to, the purchase price of their trucks, fuel, maintenance, repairs, quarterly inspections, tolls, late delivery fees, cargo loss or damage, and licensing; cell phone coverage; and liability and other insurance covering work place injuries. Fuel costs for Plaintiff were significant and because Plaintiff could not cover this expense, Defendants provided Plaintiff with a fuel credit card.  Defendants then deducted the cost of fuel from Plaintiff's weekly paychecks. Defendants also carried Drivers' auto liability, property damage and cargo insurance policies. The costs of these policies was also be deducted from Plaintiff's pay.  Defendants fronted a number of other employment–related expenses for Plaintiff and then deducted those costs from Plaintiff's paychecks. These included, among others, money advances, escrow fees, comdata fees, fuel taxes and tax rep services, occupational accident insurance, drug testing fees, trailer deposits and rental fees, and business supp package.

40.     Plaintiff worked for Defendants and only for Defendants for extended periods of times.

COMPLAINT

41.    Defendants hired Plaintiff to perform Defendants' core business. Plaintiff was hired to pick up, transport and deliver freight in California and throughout the country based on times, locations and for amounts determined by Defendants.

42.    Defendants unilaterally set the prices charged to their customers for services rendered by Plaintiff, as well as the compensation rates paid to Plaintiff. Plaintiff had no control over the rates charged to Defendants' customers, nor did he have control over his own compensation rates.

43.    Despite Defendants' pervasive control over all aspects of its transportation services and Plaintiff, Defendants classified Plaintiff as an independent contractor. But under California and federal law, Plaintiff was Defendants' employee, not an independent contractor.

## C. **Defendants Required Plaintiff to Cover Defendants' Business Costs**

44.    At all times relevant hereto, Labor Code § 2802 required employers to indemnify their employees for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ."

45.    IWC Wage Order, number 9, section 8 prohibits employers from making any deduction from the wage of an employee for any unintentional cash shortage, breakage, or loss of equipment.

46.    IWC Wage Order, number 9, section 9 requires employers to maintain tools and equipment required by the employer or that are necessary to the performance of the job.

47.    At all times relevant hereto, 29 U.S.C.A. §203(m), Fair Labor Standards Act of 1938, §3(m); 29 C.F.R. §§531.5, 531.36(b) require than pursuant to the FLSA, an employer may not deduct from employee wages the cost of items which primarily benefit the employer if such deductions drive wages below the minimum wage.  An employer cannot avoid this rule by simply requiring employees to make such purchases on their own, either in advance of or during employment.  *See Arriaga v. Florida Pacific Farms, L.L.C.* (11th Cir. 2002).

//

### D. Defendants Deducted Their Business Expenses from Plaintiff's Pay Checks

48.    Defendants took deductions from Plaintiff's weekly paychecks for work-related expenditures or losses incurred by Plaintiff in direct consequence of Plaintiff's pick up, transport and delivery of freight in California and throughout the country based on times, locations and for amounts determined by Defendants.  These expenses included but are not limited to all operating and maintenance expenses, i.e., which may include fuel, oil, lubrication, repairs, road taxes, Federal Highway Use Tax, mileage taxes, fuel taxes, fines, toll, permits, licenses, base plates, detention and accessorial services, and for all fines for violations associated with the operation and condition of Defendants' trailers.

49.    In addition to these business expenses, Defendants also took and deducted from Plaintiff's paychecks, various administrative fees and mark-ups. For example, because the cost of fuel is so expensive that Plaintiff could not carry the expense, Defendants provided Plaintiff with fuel cards for select gas stations, typically those with whom Defendants have an arranged discount. Each time Plaintiff used Defendants' fuel card, the cost of the fuel was deducted from Plaintiff's paychecks along with an administrative fee unilaterally designated by Defendants.

50.    Other deductions from Plaintiff's pay also included administrative markups, including, but not limited to, cargo insurance, physical damage insurance, and occupational accident insurance.

### E. Defendants' Failure to Pay Minimum Wages and Designated Rates

51.    IWC Wage Order, number 9 defines "hours worked" to mean "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

52.    As a result of misclassifying Plaintiff as an independent contractor and constructing of pay packages that did not compensate Plaintiff for all work performed, Defendants suffered or permitted Plaintiff to work portions of the day, for which Defendants failed to compensate him. Plaintiff was subject to Defendants' control during this time.

53.    Labor Code section 1182.12 and IWC Wage Order, number 9, section 4 formerly

provided that on and after January 1, 2008, the minimum wage shall be not less than eight dollars ($8.00) per hour.

54.   Labor Code section 1182.12 and IWC Wage Order, number 9, section 4 provide that on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour.

55.   Labor Code section 1194(a) provides in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage [] is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage [], including interest thereon, reasonable attorney's fees, and costs of suit."

56.   Labor Code section 1194.2(a) provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

57.   Labor Code section 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

58.   At all relevant times herein, and for the reasons discussed herein, Defendants' compensation schemes did not fairly compensate Plaintiff for all hours worked.  For example, Defendants did not compensate Plaintiff for the majority of his time spent: (a) waiting on customers (all such waiting time may be referred to herein as "Customer Waiting Time"); or (b) waiting on dispatch (e.g., waiting for instructions between assignments) (all such waiting time may be referred to herein as "Dispatch Waiting Time").  Customer Waiting Time and Dispatch Waiting Time are collectively referred to as "Waiting Time."

59.   Moreover, Defendants did not compensate Plaintiff for other routine non-driving work tasks including, but not limited to, inspecting vehicles, fueling vehicles, and completing daily paperwork (collectively referred to herein as "Common Unpaid Tasks").

Other examples of "Common Unpaid Tasks" might include looking for empty trailers and/or hooking/unhooking trailers as well as time spent in the sleeper berth.

60.     The failure to pay at least minimum wages to Plaintiff for all hours worked violates Labor Code sections 1182.11-1182.12, 1194, 1194.2, and 1197; IWC Wage Order, number 9, § 4; the UCL.

61.     The failure to pay designated wages to Plaintiff for all hours worked violates Labor Code sections 221, 223 and 226.2; IWC Wage Order, number 9; and the UCL.

62.     Furthermore, the failure to pay all wages owed for mileage driven above the estimated mileage provided by Defendants' software system and time spent in the sleeper berth is compensable pursuant to 29 U.S.C. §206(a); 29 C.F.R. §785.41 and 785.22(a).

**F.  Defendants' Failure to Provide or Pay for Meal Periods**

63.     At all times relevant hereto, Labor Code sections 226.7 and 512 and IWC Wage Order, number 9, section 11 required employers to provide employees with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours and a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day. Defendants further failed to record Plaintiff's meal periods.

64.     As a result of Defendants misclassifying Plaintiff  as an "independent contractor" and constructing of pay packages that did not compensate Plaintiff for all work performed, Defendants have regularly:

      a.  Failed to provide Plaintiff with a first meal period of not less than thirty (30) minutes during which he was relieved of all duty before working more than five (5) hours;

      b.  Failed to provide Plaintiff with a second meal period of not less than thirty (30) minutes during which he was relieved of all duty before working more than ten (10) hours per day;

      c.  Failed to pay Plaintiff one hour of pay at his regular rate of compensation for each workday that a meal period was not provided;

d.  Failed to record and maintain records of meal periods.

**G. Defendants' Failure to Permit or Pay For Rest Periods**

65.    At all times relevant hereto, Labor Code section 226.7 and IWC Wage Order, number 9, section 12 required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

66.    At all times relevant hereto, Labor Code Section 226.7(b) and IWC Wage Order, number 9, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

67.    As a result of Defendants misclassifying Plaintiff as an "independent contractor" and construction of pay packages as mileage -based, Defendants have regularly:

a.  Failed to provide paid rest periods of ten (10) minutes during which Plaintiff is relieved of all duty for each four (4) hours of work;

b.  Failed to compensate Plaintiff for break time when breaks were taken; and Failed to pay Plaintiff one (1) hour of pay at his regular rate of compensation for each workday that a rest period was not permitted.

**H. Defendants' Failure to Maintain Adequate Employment Records and Failure to Provide Accurate Itemized Wage Statements**

68.    At all times relevant hereto, Labor Code section 226 and IWC Wage Order, number 9, section 7 required employers to maintain adequate employment records and provide Plaintiff with accurate itemized wage statements showing gross wages, total hours worked, all applicable hourly rates worked during each pay period, the corresponding number of hours worked at each hourly rate, and meal breaks taken.

69.    Wage statements provided to Plaintiff by Defendants, do not show all wages earned, all hours worked, or all applicable rates, in violation of the Labor Code section 226, IWC Wage Order number 9, section 7, and the UCL.

70.    Moreover, Defendants did not maintain adequate records of all wages earned, hours worked and breaks taken.

## I. **Defendants' Failure to Pay Wages Due on Termination**

71.    At all times relevant hereto, Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under " 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

72.    Defendants failed to pay Plaintiff, upon termination of employment, all accrued compensation including repayment of all unlawful deductions from wages, payment of minimum wage compensation and missed meal and rest periods compensation.

73.    Defendants further failed to timely pay all compensation owed to Plaintiff upon termination, including, but not limited to, wages owed to Plaintiff for performing the Unpaid Tasks. As a result, Defendants are liable both for accrued wages due at termination and for waiting time penalties.

## J. **Defendants' Racial Discrimination Against Plaintiff**

74.    Plaintiff is an African-American, and in a protected class as defined by FEHA, Govt. Code §§12900 *et seq.*

75.    Plaintiff was discriminated against by Defendants in compensation, terms, conditions, and privileges of his employment by Defendants based on his race.

76.    Specifically, when Plaintiff would deliver freight, a dispatcher employed by Defendants would refuse to provide Plaintiff with the opportunity to pick up freight at that destination on the basis of his race, even though the freight was there and should have been assigned to Plaintiff.

77.    The dispatcher consistently denied available freight loads to African-American drivers, and instead dispatched white drivers to transport the freight.

78.    This resulted in reduced compensation to Plaintiff, and altered the terms,

conditions, and privileges of his employment.

79.    On or about February 9, 2017, Plaintiff filed a complaint of discrimination, harassment and retaliation with the California Department of Fair Employment and Housing ("DFEH"), whereas an immediate Right to Sue was automatically issued. Plaintiff now timely brings this action.  Plaintiff now timely brings this action.

**K.  Exhaustion of Administrative Remedies Pursuant to the Private Attorney General Act ("PAGA")**

80.    Plaintiffs are currently complying with the procedures for bringing suit specified in California Labor Code Section 2699.3.  By letter dated July 24, 2017, Plaintiff, on behalf of himself and the other Aggrieved Employees, gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  This complaint will be amended when more than 60 (sixty) days have passed since the date the notice was mailed to Defendant and the LWDA, if the LWDA chooses not to investigate the allegations herein.

**FIRST CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(Against All Defendants)**

81.    Plaintiff hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

82.    An actual controversy has arisen between Plaintiff and on the one hand, and Defendants on the other, relating to the following matters:

> a.  Whether Plaintiff was misclassified by Defendants as an "independent contractor" when, in fact he was Defendants' employee.

83.    Accordingly, Plaintiff seeks declaratory relief against all Defendants herein, which declares him to be Defendants' employee.

84.    The declaratory relief statute is embodied in California's Code of Civil Procedure and the Federal Rules of Civil Procedure but creates a cause of action.

**SECOND CAUSE OF ACTION**

**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**

**(Against All Defendants)**

85.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

86.    This cause of action arises under the Fair Labor Standards Act of 1938, U.S.C. Title 29 §§201 to 219.

87.    Defendants are an enterprise and employer subject to this Act.  Defendants are engaged in related performed by either a unified operation or under common control by Defendants for a common business purpose.  Defendants employ more than two persons and have an annual gross sales volume of at least $500,000.

88.    At all relevant times mentioned in this complaint, Defendants were an employer of Plaintiff and subject to the Act.

89.    At all relevant times, Defendant has violated the FLSA by failing to pay Plaintiff for all compensable work time, including but not limited to, all wages owed for mileage driven above the estimated mileage provided by Defendants' software system and time spent in the sleeper berth, which is compensable time pursuant to 29 U.S.C. §206(a); 29 C.F.R. §785.41 and 785.22(a).

90.    The FLSA requires, among other things, that employers pay employees for all time.  29 U.S.C. §§ 206, 207, 215.

91.    At all times relevant hereto, 29 U.S.C.A. §203(m), Fair Labor Standards Act of 1938, §3(m); 29 C.F.R. §§531.5, 531.36(b) require than pursuant to the FLSA, an employer may not deduct from employee wages the cost of items which primarily benefit the employer if such deductions drive wages below the minimum wage.  An employer cannot avoid this rule by simply requiring employees to make such purchases on their own, either in advance of or during employment.  *See Arriaga v. Florida Pacific Farms, L.L.C.* (11th Cir. 2002).

92.    At all relevant times, Defendant has violated the FLSA by deducting from employee wages the cost of items which primarily benefit the employer and which drive

COMPLAINT

1   Plaintiff's wages below minimum wage.

2   93.    Moreover, Defendant has also violated the FLSA by failing to keep required,

3   accurate records of all hours worked by Plaintiff. 29 U.S.C. §211(c).

4   94.    Plaintiff is entitled to damages equal to the mandated pay within the three (3)

5   years preceding the filing of this Complaint.

6   95.    Defendant has unlawfully withheld compensation from Plaintiff.  Defendant is

7   liable for unpaid compensation, together with an amount equal to liquidated damages,

8   attorneys' fees and costs of this action.  29 U.S.C. §216(b).

9                          **THIRD CAUSE OF ACTION**

10                  **REIMBURSEMENT OF BUSINESS EXPENSES**

11                          **(Against All Defendants)**

12   96.    Plaintiff hereby incorporates by reference each and every one of the allegations

13   contained in the preceding paragraphs as if the same were fully set forth herein.

14   97.    Pursuant to Labor Code Section 2802, Defendants are required to reimburse

15   Plaintiff for expenses incurred by him in the performance of his job

16   98.    Pursuant to Labor Code Section 2800, an employer shall indemnify his employee

17   for losses caused by the employer's want of ordinary care.

18   99.    Pursuant to Wage Order No. 9-2001, when the employer requires the use of tools

19   or equipment or they are necessary for the performance of a job, such tools and equipment

20   shall be provided and maintained by the employer.

21   100.   At all times relevant hereto, Defendants improperly and/or illegally classified

22   Plaintiff as an independent contractor, rather than employee, and as a result Defendants

23   failed to reimburse Plaintiff for business expenses as required by California law.

24   101.   During the relevant time period, Plaintiff has been required to personally incur and

25   pay for these expenses, including but not limited to, all costs and expenses of owning and/or

26   leasing, repairing, insuring, maintaining and fueling the truck he drove, in the discharge of

27   his employment duties, all without reimbursement from the Defendants. Defendants did not

28   reimburse Plaintiff for the business expenses incurred as a condition of and in the discharge

1    of his employment duties.

2    102.    As a proximate result of the aforementioned violations, Plaintiff has been damaged

3    in an amount according to proof at the time of trial, but in an amount in excess of the

4    minimum jurisdiction of this Court.

5    103.    Pursuant to Labor Code Section 2802, Plaintiff is entitled to recover from

6    Defendants the full amount of the expenses he incurred in the course of his job duties, plus

7    interest, reasonable attorneys' fees, and costs of suit.

8    104.    Plaintiff also requests relief as described below.

9    **FOURTH CAUSE OF ACTION**

10    **FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED**

11    **(Against All Defendants)**

12    105.    Plaintiff hereby incorporates by reference each and every one of the allegations

13    contained in the preceding paragraphs as if the same were fully set forth herein.

14    106.    Pursuant to Labor Code sections 1182.12, 1194 and 1197 and IWC Wage Order,

15    number 9, section 4, an employee may bring a civil action for unpaid minimum wages

16    directly against an employer.

17    107.    Labor Code sections 1182.12, 1194 and 1197 and IWC Wage Order, number 9,

18    section 4, provided for payment of state-law minimum wages at the rate described therein.

19    108.    Labor Code Section 1174 requires that every person employing labor in this state

20    shall keep (1) a record showing the names and addresses of all employees employed and the

21    ages of all minors; (2) at a central location in the state or at the plants or establishments at

22    which employees are employed, payroll records showing the hours worked daily by and the

23    wages paid to, and the number of piece-rate units earned by and any applicable piece rate

24    paid to, Plaintiff; (3) such records in accordance with rules established for this purpose by

25    the commission, but in any case, on file for not less than three years.  This statute also

26    prevents an employer from prohibiting an employee from maintaining a personal record of

27    hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

28    109.    At all times relevant hereto, Defendants improperly and/or illegally classified

COMPLAINT

Plaintiff as an independent contractor, rather than employee, and as a result Defendants failed to pay Plaintiff for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

110.   At all times relevant hereto, Defendants have failed to keep the records required by Section 1174. By failing to maintain adequate time records as required by Labor Code section 1174(d) and IWC Wage Order, number 9, section 7(A), Defendants have made it difficult to calculate the compensation due Plaintiff.

111.   At all times relevant hereto, Defendants' compensation scheme did not fairly compensate Plaintiff for Waiting Time, or non-driving activities including but not limited to pre and post trip inspections, fueling trucks, filling out paperwork, waiting in the sleeper berth, and waiting for dispatch.  As a result, Defendants suffered or permitted Plaintiff to perform work without compensation, while subject to Defendants' control. Additionally, Defendants failed to pay Plaintiff for all hours worked during training time.

112.   Defendants owe Plaintiff minimum wages and liquidated damages pursuant to Labor Code sections 1182.12, 1194, 1194.2 and 1197, IWC Wage Order, number 9, section 4 due in amounts to be determined at trial during the three (3) years prior to the filing of the initial Complaint in this action.

113.   Plaintiff requests payment of unpaid wages due in amounts to be determined at trial, interest, attorneys' fees and costs, against Defendants in a sum as provided by the Labor Code and/or other statutes.

114.   Plaintiff also requests relief as described below.

## FIFTH CAUSE OF ACTION

### PAYMENT OF WAGE BELOW DESIGNATED RATE FOR ALL HOURS WORKED/SECRET LOWER WAGE

### (Against All Defendants)

115.   Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

116.   At all relevant times herein, Labor Code section 223 provided "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

117.   Beginning January 1, 2016, Labor Code section 226.2 has provided that employees paid on a piece-rate basis, be compensated for rest and recovery periods and other non-productive time separate from any piece rate commission.

118.   At all times relevant hereto, Defendants improperly and/or illegally classified Plaintiff as an independent contractor, rather than employee, and as a result Defendants failed to pay Plaintiff designated rates for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

119.   At all times relevant hereto, Defendants' piece-rate compensation scheme purported to compensate Plaintiff for all hours worked.  In reality, Defendants suffered or permitted Plaintiff to work portions of his day without compensation, while subject to Defendants' control. Additionally, Defendants failed to pay Plaintiff for all hours worked during training time and charged Plaintiffs for business expenses that the company should have been responsible for.

120.   At all times relevant hereto, Defendants paid less than the agreed upon compensation owed to Plaintiff while purporting to pay the designated wage scale. As a result, Defendants' conduct violates Labor Code Section 223.

121.   Defendants owed and still owe Plaintiff wages at the designated rate pursuant to the Labor Code in amounts to be determined at trial for the hours worked during the relevant time period.

122.   Plaintiff requests payment of unpaid wages at the designated rate in amounts to be determined at trial, plus interest, attorneys' fees and costs, against Defendants in a sum as provided by the Labor Code and/or other statutes.

123.   At all times relevant hereto, Defendants failed to pay for rest and recovery time

COMPLAINT

and otherwise "non-productive work."  As a result, Defendants' conduct violates Labor Code Section 226.2.

124.    Defendants owed and still owe Plaintiff wages pursuant to the Labor Code in amounts to be determined at trial for rest and recovery periods and other "non-productive" time during the relevant time period.

125.    Plaintiff requests payment of unpaid wages at the designated rate in amounts to be determined at trial, plus interest, attorneys' fees and costs, against Defendants in a sum as provided by the Labor Code and/or other statutes.

126.    Plaintiff also requests relief as described below.

### SIXTH CAUSE OF ACTION

### ILLEGAL DEDUCTIONS FROM WAGES

### (Against All Defendants)

127.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

128.    Pursuant to Labor Code Section 221, "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

129.    At all times relevant hereto, Defendants improperly and/or illegally classified Plaintiff as an independent contractor, rather than employee, and as a result Defendants made unlawful deductions from compensation payable to Plaintiff and failed to disclose all aspects of the deductions from compensation payable to Plaintiff.

130.    At all times alleged herein, Defendants made illegal deductions from the wages of Plaintiff to cover certain ordinary business expenses of Defendants including, but not limited to, costs of acquiring necessary equipment, operating and repairing necessary equipment, overweight tickets and other fines, claims for loss or damaged cargo, property damage and bodily injury claims, fuel and "service claims" granted to customers.

131.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants were advised by professionals, employees, and advisors

knowledgeable about California labor and wage laws, employment contract laws, and human resources practices, and about the requirements of California law to accurately record, report, and pay all wages earned by Plaintiff. Defendants had the financial ability to pay such compensation, but failed to do so, in order to decrease labor costs for Defendants.

132.    By unlawfully deducting wages and failing to pay Plaintiff, Defendants are also liable for penalties, reasonable attorneys' fees, and costs under Labor Code sections 218.5 and 1194.

133.    Plaintiff seeks reimbursement for business expenses unlawfully deducted from their compensation according to proof, interest, penalties, attorneys' fees, and costs against Defendants in a sum provided by the Labor Code and/or other statutes.

134.    Plaintiff also requests relief as described below.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY SEPARATELY FOR TIME SPENT ON UNCOMPENSATED TASKS

### (Against All Defendants)

135.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

136.    Labor Code §226.2 codified existing law that, *inter alia*, employees paid on a piece-rate basis must be paid separately and hourly for rest periods and other non-productive time. Specifically, Labor Code §226.2 states that "employees shall be compensated for rest…periods and other nonproductive time separate from any piece-rate compensation." *See* California Labor Code §226.2(a)(1).

137.    Labor Code §226.2 also makes clear that hourly pay for rest periods, as opposed to the other non-productive time, must be paid out at the higher of (i) the average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest periods and overtime, by the total hours worked during the workweek, exclusive of rest periods, or (ii) the applicable minimum wage. *Id.* (a)(3).

138.    As set forth above, during the time Plaintiff worked for Defendants, Plaintiff took

several statutory rest periods during his routes.  Further, as set forth above, during the time Plaintiff worked for Defendants, Plaintiff engaged in several Common Unpaid Tasks during his shifts.  Plaintiff was paid on a piece-rate that consisted of a certain amount per piece, per stop, and/or per mile, but Defendant did not separately compensate Plaintiff on an hourly basis for his time spent on statutory rest periods or Common Unpaid Tasks.

139.  Accordingly, during the time Plaintiff worked for Defendants, Plaintiff did not receive minimum wage for his on-duty time for statutory rest breaks and on Non-Driving Tasks.

140.  In failing to pay Plaintiff for his time spent on rest periods separately, Defendants operated in bad faith given the cases and state of the law set forth above.  Accordingly, pursuant to section 226.2 pf the California Labor Code, Plaintiff is entitled to recover, either his unpaid hourly wages due, or minimum wage plus liquidated damages in an additional amount equal to the total amount of wages unlawfully withheld during the time Plaintiff worked for Defendants for Plaintiff's rest period time.

141.  Pursuant to section 1194.2 of the Labor Code, Plaintiff is also entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PROVIDE AND RECORD MEAL PERIODS

### (Against All Defendants)

142.  Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

143.  At all times relevant hereto, Defendants improperly and/or illegally classified Plaintiff as an independent contractor, rather than employee, and as a result Defendants failed to provide Plaintiff with meal periods as required by California law.

144.  Plaintiff regularly worked more than five (5) hours per shift and was entitled to a meal period of not less than thirty (30) minutes without duty.  Plaintiff regularly worked more than ten (10) hours per shift and was entitled to a second meal period of not less than thirty (30) minutes without duty.

COMPLAINT

145.   Nevertheless, Defendants routinely failed to provide Plaintiff with such meal periods without duty, notwithstanding the fact that Plaintiff had not waived his right to the same. Thus, Defendants failed to provide Plaintiff with meal periods required by Labor Code sections 226.7, 512, 516, 1174 and IWC Wage Order, number 9 § 11 and categorically failed to pay and record any and all meal period wages due.

146.   Accordingly, Plaintiff seeks damages pursuant to Labor Code section 226.7(b) and IWC Wage Order, number 9, section 11(D), in the amount of one additional hour of pay at the regular rate for each work day that the meal period was not provided to Plaintiff, the cumulative sum of which is to be determined at trial.

147.   Plaintiff further seeks penalties pursuant to Labor Code section 558(a) for Defendants' failure to provide such meal periods.

148.   Plaintiff seeks prejudgment interest on all amounts recovered herein pursuant to Labor Code sections 218.6, 1194(a) and the California Civil Code sections 3287(b) and 3289.

<u>**NINTH CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE AND/OR PAY FOR REST PERIODS**

**(Against All Defendants)**

149.   Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

150.   At all times relevant hereto, Defendants improperly and/or illegally classified Plaintiff as an independent contractor, rather than employee, and as a result Defendants failed to provide Plaintiff with meal periods as required by California law.

151.   Plaintiff was entitled to a paid rest period of not less than ten (10) minutes without duty for each and every four (4) hours worked during the workday.

152.   Nevertheless, Defendants routinely failed to provide Plaintiff with such paid rest periods without duty, notwithstanding the fact that Plaintiff had not waived his right to the same. Thus, Defendants failed to provide Plaintiff with rest periods required by Labor Code sections 226.7, 512, and 516, IWC Wage Order, number 9, section 12 and categorically failed to pay any and all meal period wages due.

153.   Plaintiff seeks damages pursuant to Labor Code section 226.7(b) and IWC Wage Order, number 9, section 12(B), in the amount of one additional hour of pay at the regular rate for each work day that the rest period was not provided to Plaintiff, the cumulative sum of which is to be determined at trial.

154.   Plaintiff further seeks penalties pursuant to Labor Code section 558(a) for Defendants' failure to provide such rest periods.

155.   Plaintiff seeks prejudgment interest on all amounts recovered herein pursuant to Labor Code sections 218.6 and 1194(a) and the California Civil Code sections 3287(b) and 3289.

## TENTH CAUSE OF ACTION

## FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

### (Against All Defendants)

156.   Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

157.   At all times relevant hereto, Defendants improperly and/or illegally classified Plaintiff as an independent contractor, rather than employee, and as a result Defendants failed to timely provide Plaintiff with accurate itemized wage statements as required by California law.

158.   Defendants paid Plaintiff on a piece-rate basis. However, as noted above, Defendants failed to pay Plaintiff for all hours worked during the relevant time period.

159.   Labor Code section 226(a) and IWC Wage Order, number 9, section 7(B) require employers to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee, on a semi-monthly basis or at the time of each payment of wages.

160.   Defendants failed to furnish Plaintiff with timely, itemized statements showing the total hours worked, as required by Labor Code section 226(a) and IWC Wage Order, number 9, section 7(B).

161.   Plaintiff is informed and believes, and thereon alleges that Defendants failed to

-26-

COMPLAINT

furnish Plaintiff with timely, itemized statements showing (a) total hours worked, (b) gross wages earned, (c) all deductions, and/or (d) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.

162.    Plaintiff further alleges that Defendants did not maintain accurate business records pertaining to the total hours worked for Defendants by Plaintiff.

163.    As a result of not having kept accurate records, Plaintiff suffered injuries in the form of confusion over whether he received all wages owed to him, and difficulty and expense in reconstructing pay records in addition to other injuries which may come to light during the discovery process.

164.    Plaintiff herein seeks damages and penalties pursuant to Labor Code section 226(e) for Defendants' violations of Labor Code section 226(a).

165.    Plaintiff further seeks preliminary and permanent injunctive relief as to the wage statements and an award of reasonable attorneys' fees and costs pursuant to Labor Code section 226(h).

166.    Plaintiff also requests relief as described below.

## ELEVENTH CAUSE OF ACTION

### FOR WAITING TIME PENALTIES

### (Against All Defendants)

167.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

168.    Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code sections 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to thirty (30) work days.

169.    At all times relevant hereto, Defendants improperly and/or illegally classified Plaintiff as an independent contractor, rather than employee, and as a result Defendants failed to timely pay Plaintiff with all wages due and owing upon termination of employment

as required by California law.

170.  Plaintiff is informed and believes, and thereon alleges, that Defendants, in violation of Labor Code section 203, consistently and willfully failed to timely pay Plaintiff, all wages due and owing at the time of termination of employment, including basic minimum wages and premium pay due for meal period and rest period wages as set forth hereinabove.

171.  Plaintiff seeks the penalties to which he is entitled pursuant to Labor Code section 203, in the amount of Plaintiff's daily wage multiplied by thirty (30) days, the exact amount of which is to be determined at trial.

172.  Plaintiff also requests relief as described below.

## TWELFTH CAUSE OF ACTION

### CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.

### (Against All Defendants)

173.  Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

174.  Within the four years prior to the filing of the initial Complaint in this case, Defendants, and each of them, committed acts of unfair competition as defined by California Business and Professions Code section 17200, *et. seq.*, by engaging in the following unlawful, unfair and fraudulent business acts and practices in the State of California:

      a.  Misclassifying Plaintiff as an independent contractor;

      b.  Failing to pay unemployment insurance taxes as required by the California Unemployment Insurance Code section 976;

      c.  Failing to pay employment training fund taxes as required by the California Unemployment Insurance Code section 976.6;

      d.  Failing to withhold State disability insurance taxes as required by the California Unemployment Insurance Code section 984;

      e.  Failing to withhold State income taxes as required by the California Unemployment Insurance Code section 13020;

      f.  Failing to provide workers' compensation as required by Labor Code section

-28-

COMPLAINT

3700;

g.  Failing to pay employer's portion of taxes pursuant to state and federal law;

h.  Failing to indemnify Plaintiff for employment-related business expenses and losses;

i.  Improperly and unlawfully making deductions from Plaintiff's compensation for work-related expenses and losses not attributable to Plaintiff's dishonest or willful act or gross negligence, as described above;

j.  Failing to pay minimum wage compensation to Plaintiff for all hours worked;

k.  Failing to pay minimum wage compensation to Plaintiff for actual miles driven;

l.  Failing to pay wages at the designated rate to Plaintiff for all hours worked;

m.  Failing to pay wages at the designated rate to Plaintiff for actual miles driven;

n.  Accepting and retaining a benefit conferred upon Defendants by Plaintiff;

o.  Failing and refusing to provide meal periods to Plaintiff;

p.  Failing and refusing to provide rest periods to Plaintiff;

q.  Failing to provide accurate itemized wage statements to Plaintiff;

r.  Failing and refusing to maintain payroll records showing the actual hours worked each day by Plaintiff;

s.  Routinely charging Plaintiff administrative and transaction fees and mark-ups;

t.  Misrepresenting to Plaintiff the true nature of their employment status;

175.  As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiff. As a direct and proximate result of Defendants' unlawful business practices, Plaintiff has suffered economic injuries including, but not limited to, out-of-pocket business expenses, unlawful deductions from compensation, loss of minimum wage compensation, compensation for missed meal and rest periods, and waiting time penalties.

176.  Through Defendants' use of such unlawful, unfair, and/or fraudulent acts and practices, Defendants have gained an unfair advantage over Defendants' competitors.

177.    Plaintiff seeks full restitution on account of the economic injuries they have suffered, along with disgorgement of ill-gotten gains from Defendants as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unlawful, unfair and fraudulent business practices complained of herein.

178.    Plaintiff seeks appointment of a receiver, as necessary, to oversee said restitution, including all wages earned and unpaid, including interest thereon.

179.    Further, if Defendants are not enjoined from engaging of the unlawful, unfair and fraudulent conduct described above, Defendants will continue unabated in their conduct, which will result in continued irreparable injury to members of the public, including, but not limited to Plaintiff and for which there is no adequate remedy at law. Thus, Plaintiff requests that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

Plaintiff also requests relief as described below.

## THIRTEENTH CAUSE OF ACTION

## DISCRIMINATION BASED ON RACE

### (Against All Defendants)

180.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if fully set forth herein.

181.    At all times herein mentioned, the Fair Employment and Housing Act, Govt. Code §§ 12900-12996 (hereinafter "FEHA"), was in full force and effect and binding on Defendants.  These statutes required Defendants to refrain from discriminating against any employee on the basis of race, including reduction in compensation.  Within the time provided by FEHA, Plaintiff filed a complaint against Defendants with the Department of Fair Employment and Housing alleging wrongful reduction in compensation based on racial discrimination in full compliance with these sections, and received a right-to-sue letter.  Attached hereto and incorporated herein by reference as Exhibit "A" is true and correct copies of the right-to-sue notice received by Plaintiff.

182.   FEHA makes it an unlawful employment practice for an employer to discriminate against an employee "in compensation or in terms, conditions, or privileges of employment" on the basis of the employee's race.  Govt. Code §12940(a).

183.   Defendants discriminated against Plaintiff on the basis of race in denying him available freight to transport in favor of white employees.  Once Plaintiff was eligible to transport a load, Plaintiff would request an available load and then Jim Gillespie, an area manager, would assign loads that Plaintiff was eligible for to other white drivers and force Plaintiff to wait sometimes for days to deliver a load.  This was a pattern and practice against other African-American and Latino drivers as well.  Plaintiff made numerous complaints to his area managers in Mira Loma, California -  Walter Poreda and Shawna Lasos – and they failed to take remedial action.

184.   Defendants' conduct constituted adverse employment action and represented a materially adverse change in the terms of Plaintiff's employment.  Eventually, Plaintiff was unable to pay the note on his truck and his truck was re-possessed and he was no longer able to work because he was being discriminated against and not given timely loads.

185.   As a proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings and/or out of pocket expenses in an amount according to proof at the time of trial.

186.   As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of financial stability, peace of mind, and has suffered embarrassment, humiliation, mental and emotional pain and distress and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

187.   By reason of the conduct of Defendants herein, Plaintiff has retained attorneys to prosecute his claims under FEHA.  Plaintiff is therefore entitled to recover reasonable attorneys' fees and costs pursuant to Govt. Code § 12965(b), in addition to other damages as provided by law and as alleged herein.

188.   Defendants committed the acts alleged herein oppressively and maliciously, with

COMPLAINT

the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights, in that Defendants reduced Plaintiff's compensation based on race, despite the fact they knew Plaintiff was able to perform the essential functions of his position.

## FOURTEENTH CAUSE OF ACTION

### ADVERSE EMPLOYMENT ACTION IN VIOLATION OF PUBLIC POLICY

### (Against all Defendants)

189.   Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if fully set forth herein.

190.   Govt. Code §§ 12940 *et seq*. embody a fundamental state public policy.  These statutes contain specific language which forbid an employer and its employees from discriminating against an employee based on race.

191.   Plaintiff is informed and believes, and on that basis alleges, that Defendants took adverse employment action against Plaintiff in decreasing his compensation by denying him work based on his race.

192.   As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff has suffered special damages in the form of out of pocket expenses and general damages in the form of emotional distress and anguish, and pain and suffering all in an amount according to proof at trial.

193.   Furthermore, Plaintiff is entitled to punitive damages in an amount appropriate to punish Defendants for the wrongful conduct and set an example for others.  Defendants acted with a conscious disregard of Plaintiff's rights, and with the intent to vex and injure Plaintiff so as to cause oppression, fraud and malice, as described in CCP § 3294.  Plaintiff is therefore entitled to punitive damages for exemplary damages in an amount sufficient to punish and make an example of Defendants.

//

//

//

COMPLAINT

### FIFTEENTH CAUSE OF ACTION

### VIOLATION OF THE CIVIL RIGHTS ACT OF 1966, 42 U.S.C. §1981

### (Against all Defendants)

194.   Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if fully set forth herein.

195.   Plaintiff provided services to Defendant pursuant to contract.

196.   Plaintiff perceived that he was treated adversely in the performance of his contract based on his race and national origin.  That adverse treatment included not receiving loads for transportation that was directed toward white drivers, and being retaliated against upon complaining about that discrimination.   Other African-American and Latino drivers were retaliated against as well.

197.   The conduct of Defendant, in unfairly distributing loads and retaliating against Plaintiff was intentional discrimination by Defendant, and each of them, based on ethnic origin. Defendants discriminated against Plaintiff on the basis of race in denying him available freight to transport in favor of white employees.  Once Plaintiff was eligible to transport a load, Plaintiff would request an available load and then Jim Gillespie, an area manager, would assign loads that Plaintiff was eligible for to other white drivers and force Plaintiff to wait sometimes for days to deliver a load.  This was a pattern and practice against other African-American and Latino drivers as well.  Plaintiff made numerous complaints to his area managers in Mira Loma, California -  Walter Poreda and Shawna Lasos – and they failed to take remedial action.

198.   Defendants' conduct constituted adverse employment action and represented a materially adverse change in the terms of Plaintiff's employment.  Eventually, Plaintiff was unable to pay the note on his truck and his truck was re-possessed and he was no longer able to work because he was being discriminated against and not given timely loads.

199.   As a direct result of the aforesaid discriminatory acts, Plaintiff has been damaged in that he has lost, and will continue to lose earnings, from the date of termination until he once again is able to purchase a truck and drive again with his own truck.

200.   As a further proximate result of Defendant's unlawful and intentional discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.  As a result of such discrimination and consequent harm, Plaintiff, has suffered such damages in an amount according to proof.

201.   In lowering Plaintiff's compensation and forcing him to lose his truck, Defendant, acted with evil motive and intent and were callously indifferent to Plaintiff's rights.   Such conduct warrants an award of punitive damages against Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

a.   An order declaring that Defendants misclassified Plaintiff as an "independent contractor," when in fact he was Defendants' employee;

b.   An order awarding Plaintiff all wages owed, front pay, all unreimbursed business expenses, all meal and rest break premiums owed, plus all penalties and compensatory damages;

c.   Liquidated damages;

d.   Statutory penalties;

e.   Civil penalties;

f.   A temporary, preliminary and/or permanent order for injunctive relief requiring Defendants to undertake an accounting under administration of Plaintiff and/or the receiver and subject to court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to Plaintiff owed monies by Defendants;

g.   An order requiring imposition of a constructive trust and/or disgorgement of Defendants' ill-gotten gains to pay restitution to the Plaintiff and to restore to the Plaintiff all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice, a violation of laws, statutes or regulations, or constituting unfair competition;

h.  Pre-judgment and post-judgment interest;

i.  For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Code of Civil Procedure Section 1021.5, Business and Profession Code Section 17200, *et seq*., Labor Code sections 1194, 2802 and any other applicable provision of law;

j.  For special damages;

k.  For attorneys' fees and costs incurred by violations pursuant to Govt. Code § 12965(b) and 42 U.S.C. §1988;

l.  For punitive damages.

Such other and further relief as the Court may deem necessary or appropriate.

DATED: July 26, 2017                    **HUMPHREY & RIST, LLP**


By:_____/s/_____
     Christina A. Humphrey, Esq.
     Thomas A. Rist, Esq.
     Attorneys for Plaintiffs and the
     Putative Classes

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of Plaintiff's claims by jury to the extent authorized by law.

DATED:  July 26, 2017                    **HUMPHREY & RIST, LLP**


By:_____/s/_____
         Christina A. Humphrey, Esq.
         Thomas A. Rist, Esq.
         Attorneys for Plaintiff

COMPLAINT